THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GLEN THOMAS STEWART,<br><br>Defendant. | CASE NO. CR11-0120-JCC<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on Defendant Glen Stewart's *pro se* motions for reinstatement of judgment (Dkt. No. 1187) and for an evidentiary hearing (Dkt. No. 1189). For the reasons explained herein, both motions are DENIED.

*Motion for reinstatement of judgment*: Stewart asks the Court to reinstate his judgment as a remedy for his trial counsel's failure to timely file a notice of appeal. (Dkt. No. 1187 at 1.) Stewart alleges that he told his counsel, Charles Johnston, to file a notice of appeal, which Johnston did not do. (*Id.* at 2; *see also* Dkt. No. 901.) Stewart argues that this constituted ineffective assistance of counsel, giving this Court discretion to reinstate his judgment. (Dkt. No. 1187 at 3-4.)

As support, Stewart cites to *United States v. Prairie Pharmacy Inc.*, 921 F.2d 211 (9th

Cir. 1990) and Federal Rule of Appellate Procedure 4(b)(4). (Dkt. No. 1187 at 8.) These authorities give the Court the ability to extend the time to file a notice of appeal—but only for a limited period of time that has already elapsed. *See* Fed. R. App. P. 4(b)(4) (period not to exceed 30 days from the expiration of the time otherwise prescribed by Rule 4(b)); Fed. R. App. P. 4(b)(1)(A) (notice of appeal must be filed within 14 days of entry of judgment or filing of Government's notice of appeal); Fed. R. App. P. 4(b)(3) (if defendant timely moves for judgment of acquittal, new trial, or arrest of judgment, notice of appeal must be filed within 14 days of order disposing of such motion). Thus, the Court cannot grant Stewart relief under Rule 4(b)(4).

Stewart's only other recourse would be to bring a habeas petition raising his ineffective assistance argument. However, Stewart has already done so: in November 2013, Stewart moved to vacate his sentence under 28 U.S.C. § 2255, arguing ineffective assistance of counsel based on his attorney's failure to interview certain witnesses. (Dkt. No. 1067 at 4.) That motion was denied. (*Stewart v. United States*, C13-2043-JCC, Dkt. No. 24.) Stewart did not raise his current ineffective assistance of counsel argument in that motion. To raise the issue now, he must obtain permission from the Ninth Circuit to file a second or successive § 2255 motion. *See* 28 U.S.C. § 2255(h). Stewart has filed such a motion. (Dkt. No. 1172.) Until and unless it is granted, this Court cannot provide Stewart any relief on this issue.

The motion for reinstatement of judgment is therefore DENIED.

*Motion for evidentiary hearing*: Stewart requests an evidentiary hearing on two issues: his motion to reinstate judgment and his motion to compel Johnston to produce Stewart's case file. As to the first issue, as discussed above, Stewart seeks relief that the Court cannot grant. No evidentiary hearing on this issue is necessary. As to the second issue, that has already been resolved. (*See* Dkt. Nos. 1184, 1185.) The Court is satisfied that Johnston does not have Stewart's case file to produce. The motion for evidentiary hearing is DENIED.

The Clerk is DIRECTED to send a copy of this order to Stewart.

//

DATED this 21st day of April 2017.

William M. McCool
Clerk of Court

s/Paula McNabb
Deputy Clerk

MINUTE ORDER, CR11-0120-JCC
PAGE - 3