THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GLEN THOMAS STEWART<br><br>　　　　　Defendant. | CASE NO. CR11-0120-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to reduce sentence pursuant to Amendment 788 of the United States Sentencing Guidelines ("USSG") and 18 U.S.C. § 3582(c)(2) (Dkt. No. 1117). Having considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and DENIES the motion for the reasons explained herein.

## I. BACKGROUND

Defendant was sentenced on November 9, 2012, following his conviction of conspiracy to distribute controlled substances and attempted possession of cocaine with intent to distribute. (Dkt. No. 901.) This Court calculated his total offense level to be 38. (Dkt. No. 1000 at 12.) Defendant's criminal history category was Cateogry I, and the resulting sentencing guidelines range was 235 to 293 months of incarceration. (*Id.*) This Court then varied downward from that range and imposed a sentence of 144 months. (Dkt. No. 901.)

Defendant now moves for a reduction in his sentence pursuant to Amendment 788 to the

USSG, which made Amendment 782 to USSG § 2D1.1 retroactively applicable. (Dkt. No. 1117.) The Government opposes the motion. (Dkt. No. 1133.)

## II. DISCUSSION

Amendment 782 to the USSG, which became effective November 1, 2014, lowered the penalties for most drug offenses by reducing most base offense levels contained in the USSG § 2D1.1 drug quantity table by two levels, and making other related adjustments to this Guideline. Along with Amendment 782, the Sentencing Commission adopted Amendment 788, which provided that Amendment 782 may be applied retroactively to lower the sentences of previously-sentenced inmates. At issue in the instant motion is whether this Court has authority to reduce Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2).

In order to qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2), two conditions must be met: (1) the defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered by a retroactively applicable Guidelines amendment; and (2) the sentence reduction sought must be consistent with the Sentencing Commission's applicable policy statements. *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam). A district court does not have jurisdiction to reduce the defendant's sentence unless both criteria are met. *See United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009). USSG § 1B1.10(b)(2) provides that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range," unless the defendant received a sentence reduction based on substantial assistance to the United States.

Here, under the retroactively effective amendments to USSG § 2D1.1, Defendant's total offense level would now be lowered two levels to 36, resulting in an amended sentencing guideline range of 188 to 235 months. Because the sentence already imposed (144 months) is below the low end of the range as calculated by applying the amended guidelines (188 months), the policy statement precludes any reduction in Defendant's sentence. *See* USSG § 1B1.10(b)(2).

Furthermore, the record does not show, and Defendant has not established, that the "substantial assistance" exception of USSG § 1B1.10(b)(2)(B) applies. This Court therefore lacks jurisdiction to reduce Defendant's sentence. *See Wesson*, 583 F.3d at 730.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion for a reduction of his sentence (Dkt. No.1117) is DENIED.

DATED this 22nd day of October 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE